## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PHYLLIS H. BALLANTINE, et al., | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | |
| | ] | **CASE NO.: 2:17-CV-01441-KOB** |
| BANCORPSOUTH BANK, et al. | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## MEMORANDUM OPINION

Before the court is Phyllis H. Ballantine, Scott Preston Harrison, and Renee Dupont

Harrison's ("Harrison Defendants") "Motion to Alter, Amend, or Vacate" (doc. 5), filed in

response to the portion of this court's Remand Order that denied an award of attorneys' fees and

costs pursuant to 28 U.S.C. § 1447(c). (Doc. 4). After careful reconsideration of the applicable

legal standard for requiring a removing party to pay attorney's fees and expenses, the court finds

that it erred in denying the award. Therefore, the court will GRANT the motion, VACATE its

Order denying fees and costs, and ORDER BancorpSouth to pay the just costs and actual

expenses the Harrison Defendants incurred in filing their Motion to Remand this case to state

court.

## I.      STANDARD OF REVIEW

Whether to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) or

60(b) is within the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th

Cir. 2014). A court may relieve a party from an order for mistake, inadvertence, or any reason

that justifies relief. *See* Fed. R. Civ. Pro. 60(b). A motion to reconsider "must demonstrate why

the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am.

Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-

Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

Three grounds justify reconsideration of an order: (1) an intervening change in the law,

(2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice.

*See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

## II.    DISCUSSION

For a district court to grant attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), the

court must be convinced that the removing party lacked an "objectively reasonable basis" for the

removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). But the court may

depart from this general rule when unusual circumstances exist, such as when "a plaintiff's delay

in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the

decision to award attorney's fees." *Id.*

BancorpSouth removed this action from probate court pursuant to 28 U.S.C. § 1441(a) on

the basis of diversity jurisdiction. The Harrison Defendants argued, and this court agreed, that

BancorpSouth removed the case more than a year after the state court action began, and thus this

court did not have subject matter jurisdiction over the case. BancorpSouth based its removal

solely on the theory that the Harrison Defendants' counterclaims and cross claims were a brand

new "lawsuit," separate from what it considered to be the "administrative proceeding" in which

BancorpSouth filed its petition in the probate court. BancorpSouth's theory would not only buy it more time to remove the case, but also establish BancorpSouth as the defendant in the action–therefore allowing it to remove. Thus, the court's decision regarding the Harrison Defendants' request for fees and costs turns on whether Bancorpsouth's theory was objectively reasonable, and if it was not, whether unusual circumstances justify denying the award of fees.

*A. Whether BancorpSouth's Removal was Objectively Reasonable*

In its Notice of Removal, BancorpSouth stated it was removing a matter that was a completely separate action from that which had been ongoing in the probate court since 2007, and separate from its own Petition for Final Settlement, filed in March 2017. (Doc. 1 at 3). BancorpSouth asserted the Harrison Defendants' filing entitled "Verified Counterclaims and Crossclaims" (doc. 1-1 at 92) in the probate court was actually the *original complaint* in this new action. (Doc. 1 at 2–3, n.2). BancorpSouth also stated the ongoing action in the probate court was an "administrative proceeding" rather than a judicial proceeding. However, as explained in its Remand Order, this court rejected BancorpSouth's procedural understanding of the case and found that BancorpSouth's position conflicts with Alabama law.

Alabama clearly recognizes petitions for settlements of trusts as judicial proceedings and allows parties to file counterclaims and cross claims in response to them when appropriate. *See Regions Bank v. Reed*, 60 So. 3d 868 (Ala. 2010) (holding claims against investment advisor relating to trusts subject of final-settlement action must be brought in probate court where the final-settlement petition was the first filed action); *Neal v. Neal*, 856 So. 2d 766 (Ala. 2002) (recognizing party's counterclaim and cross claim against petition for partial settlement of trust). Thus, the Harrison Defendants filed their counterclaims and cross-claims in a judicial proceeding

that has been ongoing since 2007, and in a proceeding to which BancorpSouth has been a party at least since it filed a Petition for Final Settlement in April 2017.

The only way BancorpSouth could have reasonably believed that this case was removable in August 2017–over a year from the time the proceeding began and some four months after BancorpSouth filed its petition–would be if it understood that the Harrison Defendants' filing of counterclaims in the probate court actually constituted a brand new lawsuit. But such a theory has no basis in the law.

A brief survey of Alabama law clearly reveals that the Harrison Defendants' filing did not initiate a new judicial proceeding, but was a responsive pleading for counterclaims and cross-claims in the same lawsuit. BancorpSouth's statement that the Harrison Defendants' probate filing was actually the "original complaint" in a new lawsuit is unreasonable in light of the cases cited above. The ongoing action in the Probate Court of Jefferson County was not an administrative proceeding, and the Harrison Defendants' counterclaims did not somehow transform the non-removable action into a removable one. Given the clarity of the relevant case law on this issue and the well-established rules of removal, this court cannot conclude that BancorpSouth's removal was objectively reasonable.

Now, BancorpSouth argues it had an objectively reasonable basis for removal because "any procedural hurdles to removal were waivable or curable via the court's exercise of its authority to re-align parties." (Doc. 7 at 4). But in its Notice of Removal, BancorpSouth never mentioned anything about realignment. Instead, it stated "Plaintiffs Phyllis H. Ballantine, Scott Preston Harrison, and Renee Dupont Harrison, on July 25, 2017, *commenced* a civil action against [BancorpSouth] in the Probate Court of Jefferson County." (Doc. 1 at 3). Then, in a

footnote, BancorpSouth provided: "Plaintiffs styled their lawsuit as 'Verified Counterclaims and Cross-claims.' However, no original claim to counter nor co-party to cross-claim exist. Plaintiffs' filing is the original complaint in this action and the first pleading." (Doc. 1 at 3, n.2).

BancorpSouth clearly represented to this court that it understood the Harrison Defendants' counterclaims to be the first pleading in a brand new lawsuit. BancorpSouth removed the case under the erroneous theory that the Harrison Defendants were the true plaintiffs in the action, and "used an administrative proceeding for which they were not a party as a vehicle to commence a lawsuit." BancorpSouth simply declared the Harrison Defendants were actually the plaintiffs in the probate court, and removed the case based on that theory that was not founded on any case law or statutory authority. To the contrary, Alabama law is clear that a petition for final settlement initiates a judicial proceeding, parties may bring counterclaims against a petitioner in such an action, and doing so does not convert the petitioner into a defendant with the ability to remove the case.

Had BancorpSouth conducted relevant discovery, it would have discovered the flaws in its theory. Either it failed to conduct such research, or it decided to remove anyway even after basic research showed that it should not. Either way, the court, therefore, finds that BancorpSouth lacked an objectively reasonable basis for removing this case to federal court.

*B. Whether Unusual Circumstances Warrant the Denial of Fees*

Once the court determines that a party's removal of an action was not objectively reasonable, the court must then ask whether unusual circumstances exist to warrant denying a request for attorney's fees under § 1446(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). In *Martin*, the Supreme Court provided two examples of unusual circumstances

under which a district court may stray from the general rule. The first is when the non-removing party delays in seeking remand, and the second is when the non-removing party fails to disclose facts necessary to determine jurisdiction. *Id.*

The court finds no evidence that the Harrison Defendants delayed in seeking remand of this action. The Harrison Defendants filed their motion to remand less than 30 days after removal, in accordance with § 1447(c). The court also finds no evidence that the Harrison Defendants failed to disclose facts necessary to determine jurisdiction. Nothing suggests the presence of unusual circumstances that should cause the court to refuse the Harrison Defendants' request for fees under § 1446(c). Therefore, after careful reconsideration, the court is convinced that it erred by denying the Harrison Defendants' motion, and the motion to vacate the court's Order denying attorney's fees and costs is due to be granted.

*C. Attorney's Fees and Costs Award*

Title 28 U.S.C. § 1447(c) provides that "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added). The Harrison Defendants submitted time records showing their counsel spent 124.4 hours on the initial Motion to Remand, resulting in $32,826.00 in attorney's fees, and $586.72 in expenses. (Doc. 5-1). While BancorpSouth did not dispute the Harrison Defendants' requested hourly rates in its Response brief, it did argue that the number of hours for which they seek compensation is unreasonable.

Defendants' counsel, Mr. Benefield, expressly noted in his affidavit in support of the reasonableness of the fees Defendants seek that "[n]o time related to the Motion to Alter, Amend or Vacate" was included in the time and expense report. (Doc. 5-1 at 3). Then, in the Defendants'

Reply brief (doc. 9), they introduced more billing records to account for the hours their counsel worked on the motion to alter or amend–which they appeared to have intentionally excluded from their initial motion. With the addition of those 123.2 hours, Defendants are seeking compensation for a total of 247.6 hours of attorney time, for a total of $65,980.72. (Doc. 9-1 at 16).

Putting aside the issue that it is improper to introduce new arguments and evidence in a reply brief,[1] and the excessive number of hours dedicated to briefing the issues, the court will not entertain the idea of requiring BancorpSouth to compensate Defendants for the amount of time their attorneys worked on the briefings for their motion to alter or amend. Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983). The court thus limits Defendants' request for attorney's fees to those specifically provided for under § 1447(c), those requested in Defendants' "Motion to Alter, Amend, or Vacate," and those to which BancorpSouth had the opportunity to contest in its Reply brief.

The "starting point" in the objective determination of the value of lawyers' services is to calculate a "lodestar" figure, that is, "to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable fee' . . . ." *Burlington v. Dague*,

---

[1]*See* Fed. R. Civ. P. Rule 6(c) (requiring any affidavit supporting a motion to be served with the motion); *Fisher v. Ciba Specialty Chem. Corp.*, 238 F.R.D. 273, 311 n.82 (S.D. Ala. 2012).

505 U.S. 557, 562 (1992) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565) (1986) (*Delaware Valley I*)).

However, in determining the lodestar figure, the court may take into account the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).[2] *See Hensley,* 461 U.S. at 434 n.9. The twelve factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10 the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. Many of the *Johnson* factors "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9; *see Delaware Valley I*, 478 U.S. at 566 (reaffirming that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee.").

The Harrison Defendants submitted their attorney's affidavit, which contends the hours and expenses billed for the motion to remand were reasonable and necessary. The affidavit explains that counsel used "billing judgment," and of the 124.4 hours billed on the motion, senior counsel delegated 90.8 of those hours to an associate attorney to minimize fees. The Harrison Defendants did not submit any affidavits from other attorneys or experts who were not involved with their case.

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

In contrast, BancorpSouth submitted the affidavit of Attorney Wilson F. Green, who has practiced law since 1995. (Doc. 7 at 20). Mr. Green argues that 124.4 hours is four times the amount reasonably necessary to prepare and file the Motion to Remand. In support of his opinion, Mr. Green notes Defendants' counsel's hourly rates ($450 for Mr. Benefield, and $195 for his associate) reflect those of seasoned lawyers with substantial experience and qualifications. Thus, BancorpSouth argues, the requested rates reflect a high level of legal ability, which logically should have resulted in significantly fewer hours dedicated to the Motion to Remand.

This court found that the Harrison Defendants' Motion to Remand was due to be granted because BancorpSouth's theory for removal was clearly inconsistent with Alabama case law. While the court appreciates the thorough research Defendants' counsel conducted, as well as the extensive ground they covered in their Motion to Remand, it nevertheless finds that 124.4 hours is an unreasonable number of hours to bill for a motion involving such clear issues. The court bases this finding on the court's own expertise, careful consideration of the complexity of the issues at the center of the motion, the ability and experience of the Defendants' attorneys, and the other appropriate *Johnson* factors.

Once the court determines the number of hours is unreasonably high, the court may reduce the requested hours with an across-the-board cut. *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1346, 1350 (11th Cir. 2008). Defense Counsel Benefield seeks to bill 33.6 hours for his own time working on the motion, and 90.8 hours for his associate. The court agrees with BancorpSouth and Mr. Green that this number is roughly four times what the number should reasonably be.

A 75% across-the-board cut reduces Mr. Benefield's number to 8.4 hours, and his associate's to 22.7 hours, for a total of 31.1 hours–a number that falls in line with what the court

views as reasonable, and within the range proposed by BancorpSouth's affiant. Multiplying these numbers by their respective rates ($450 per hour for Mr. Benefield, and $195 per hour for his associate), yields a total award of $8,206.50. Additionally, the court will grant the Harrison Defendants' request for expenses of $586.72, which BancorpSouth did not oppose.

## III. CONCLUSION

Under Fed. R. Civ. P. 60(b), a district court may relieve a party from an order when the court determines there a reason justifies such relief. Upon reconsideration of the Harrison Defendants' request for attorney's fees and costs, the court finds BancorpSouth lacked an objectively reasonable basis on which to remove this action. The relevant Alabama case law clearly reveals that BancorpSouth should have known that removal of this case was improper. Further, no unusual circumstances warrant a denial of the Harrison Defendants' request for fees.

For the reasons explained in this Memorandum Opinion, the court will **GRANT** the Harrison Defendants' motion to vacate its Order denying the request for attorney's fees and costs, and **AWARD** the Harrison Defendants $8,793.22 in attorney's fees and expenses pursuant to § 1446(c).

The court will **DENY** BancorpSouth's "Motion for Leave to File Sur-Reply to Plaintiffs' Reply" (doc. 10) and Direct the Clerk to **STRIKE** the Harrison Defendants' "Response to BancorpSouth's Sur-Reply" (doc. 11), which they did not request leave of court to file. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 10th day of January, 2018.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE